**IN RE: Jacob BEN-ARI, Petitioner**

**No. 17-2723**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R. App. P. November 16, 2017

(Opinion filed: December 21, 2017)

Jacob Ben-Ari, Pro Se

Todd J. Cochran, Esq., Thomas W. Hussey, Esq., Ashley Y. Martin, Esq., Jeff Sessions, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent

Before: CHAGARES, GREENAWAY, JR., and GREENBERG, Circuit Judges

**OPINION** *

**PER CURIAM**

Petitioner Jacob Ben-Ari seeks a writ of mandamus to compel the Board of Immigration Appeals ("BIA") to show cause

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

why it refuses to rule on three motions that he filed with the agency.

Ben-Ari is an Israeli citizen who was ordered removed to Israel by an Immigration Judge ("IJ") sitting in Miami, Florida, on November 1, 2016, in connection with a 2011 mail fraud conviction. The BIA affirmed the IJ's decision and dismissed Ben-Ari's appeal in an order dated April 10, 2017. The BIA also denied Ben-Ari's motion to stay the proceedings pending the outcome of his collateral attack on his conviction in the United States Court of Appeals for the Eleventh Circuit. It appears that Ben-Ari thereafter returned to the BIA with, inter alia, a motion seeking reconsideration of the April 10th order. Given Ben-Ari's submission of evidence, the BIA also treated the motion as one seeking reopening pursuant to 8 C.F.R. § 1003.2 (c). In an order dated August 8, 2017, the BIA denied Ben-Ari's motion for reconsideration. It also concluded that the motion did not warrant reopening of his immigration proceedings. The BIA specifically noted in its decision that it had considered Ben-Ari's multiple filings in rendering its decision.

On the same date that the BIA rendered its decision, Ben-Ari's mandamus petition was received in this Court.[1] The issuance of the BIA's order on August 8th came more than two months before the Clerk's receipt of Ben-Ari's motion for leave to proceed with this mandamus petition in forma pauperis. Even assuming arguendo that mandamus is available for use as Ben-Ari proposes, he has received the relief sought in his mandamus petition. Thus, we will dismiss the petition as moot. See

---

Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

---

1. The petition is dated August 2, 2017. The Government advised the Court that Ben-Ari had been removed to Israel before his mandamus petition was received and filed on the docket.